**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FREDERICK BANKS, | : | |
|  | : | Civil Action No. 14-4569(NLH) |
| Petitioner, | : | |
|  | : | |
| v. | : | **MEMORANDUM OPINION** |
|  | : | |
| CENTRAL INTELLIGENCE AGENCY, et al., | : | |
|  | : | |
| Respondents. | : | |

**APPEARANCES:**

Frederick Banks
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, Ohio  44505
    Petitioner pro se

**HILLMAN,** District Judge

    Petitioner Frederick Banks, a prisoner confined at Northeast Ohio Correctional Center in Youngstown, Ohio, has filed a Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his present confinement.

    The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is

required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis.  Local Civil Rule 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), but he did submit an application for leave to proceed in forma pauperis. However, Petitioner failed to submit certified institutional account information, as required by Local Civil Rule 81.2(b). In addition, the application fails to provide complete information regarding Petitioner's assets and liabilities.

To the extent Petitioner asserts that institutional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit

2

detailing the circumstances of Petitioner's request for a certified account statement and the institutional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

In addition, the nature of Petitioner's challenge to the constitutionality of his present confinement is unintelligible. Moreover, Petitioner is not challenging a sentence imposed by this Court, see 28 U.S.C. § 2255, nor is Petitioner challenging confinement within this District, see 28 U.S.C. § 2241. Accordingly, there does not appear to be any basis for this Court to exercise jurisdiction over his claims.

## CONCLUSION

For the reasons set forth above, Petitioner's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate the Petition without prejudice.[1] Petitioner will be granted leave to apply to re-open within 30

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Burns v. Morton, 134 F.3d 109 (3d Cir. 1998) (applying Houston mailbox rule to the filing of federal habeas petitions); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis. Any such application to re-open this matter must be accompanied by an amended petition clearly setting forth the nature of Petitioner's challenge to his present confinement and the basis for jurisdiction in this Court.

    An appropriate Order will be entered.


At Camden, New Jersey        s/Noel L. Hillman
                                       Noel L. Hillman
                                       United States District Judge

Dated: July 28, 2014