UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
FREDERICK BANKS,                    :
                                    :
            Petitioner,             :   Civ. No. 14-4569 (NLH)
                                    :
      v.                            :   OPINION
                                    :
CENTRAL INTELLIGENCE AGENCY,        :
      Et al.,                       :
                                    :
            Respondents.            :
_____ :

APPEARANCES:
Frederick Banks, # 05711-068
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, Ohio 44505
      Plaintiff Pro se


HILLMAN, District Judge

      On or about July 14, 2014, Petitioner Frederick Banks, a prisoner confined at Northeast Ohio Correctional Center in Youngstown, Ohio, filed a Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his confinement. (ECF No. 1).  On July 28, 2014, the Petition was administratively terminated for failure to pay the required filing fee or submit a complete in forma pauperis application. (ECF No. 2, 3).  On or about August 4, 2014, Petitioner submitted an Amended Complaint and Petition. (ECF No. 4).

I.   IN FORMA PAUPERIS APPLICATION

The Amended Petition includes a section titled "Motion to Proceed In Forma Pauperis." (Am. Pet. 9, ECF No. 4). However, the submission fails to cure the deficiencies noted in the Court's July 28, 2014 Order. Significantly, Petitioner failed to utilize the blank form "Affidavit of Poverty and Certification (Habeas Corpus) (DNJ-Pro Se-007-B) (Rev. 09/09)," which the Court previously provided to him for use in any future application to proceed in forma pauperis.

Petitioner is again informed that the filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification. If the institutional account of the petitioner exceeds $200, the petitioner shall not

be considered eligible to proceed in forma pauperis. L. CIV. R. 81.2(c).

In this case, Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit a complete application for leave to proceed in forma pauperis.  Specifically, Petitioner did not submit an institutional account statement for a six-month period, certified by an authorized officer of the institution. L. CIV. R. 81.2(b).  Accordingly, this matter will be administratively terminated for failure to satisfy the filing fee requirement. Petitioner will be granted leave to apply to reopen by either paying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

To the extent Petitioner asserts that institutional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Petitioner's request for a certified account statement and the institutional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

II.  OTHER ISSUES

A. STANDING

The Court notes that Petitioner has listed two other individuals as co-filing the Amended Petition: Spence Taylor and John Doe.  Without making any findings, the Court takes this opportunity to point out that Petitioner provides no information which suggests that he has standing to bring a petition on behalf of these individuals.  A person seeking to invoke jurisdiction of federal court must establish requisite standing to sue before federal court can consider merits of legal claim. Whitmore v. Arkansas, 495 U.S. 149, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990).  In this case, Petitioner must clearly and specifically set forth facts sufficient to satisfy the Article III standing requirements with respect to the other two named petitioners. See id.

In the alternative, Petitioner must establish that he can act on Spence Taylor or John Doe's behalf pursuant to the "next friend" doctrine. See Whitmore, 495 U.S. at 163, 110 S. Ct. at 1727 (setting forth prerequisites for "next friend" standing). Significantly, however, a "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. See id.  Here, Petitioner has expressed a desire to bring this litigation in

his name to address his personal grievances.  Therefore, not only might application of the "next friend" doctrine be inappropriate due to Petitioner's failure to establish the propriety of his status, see id., but it also appears to be inconsistent with Petitioner's intent in filing the Amended Petition.

To the extent Petitioner wishes to file a habeas petition on behalf of another individual, he must first establish standing.  Also, a separate petition must be filed for each individual.  Additionally, Petitioner is on notice that for each petition filed, the filing fee requirement must be satisfied. Should a petitioner seek leave to proceed in forma pauperis, each individual petitioner must submit a separate in forma pauperis application.

B. JURISDICTION

Without making any finding, the Court notes that it is unclear whether this Court would have jurisdiction over the instant claims.  Petitioner was sentenced in the Western District of Pennsylvania and, although he was previously incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey, he has since been relocated to the Northeast Ohio Correctional Center in Youngstown, Ohio.  It is therefore unclear how, and if, jurisdiction is proper with this Court.

C. 42 U.S.C. § 1983

Finally, the Court notes that Plaintiff seeks monetary damages as well as injunctive and declaratory relief.  Without making any determinations as to the merits of the Amended Petition, the Court notes that some of Petitioner's claims appear to sound more appropriately in an action under 42 U.S.C. § 1983 rather than in a petition for a writ of habeas corpus.

If, upon further review of his allegations and requested relief, Petitioner feels that his claims would be properly brought in an action under § 1983, he is free to file such an action.  Plaintiff is on notice, however, that the filing fee for a civil action is $400 and that the prerequisites for in forma pauperis status in an action under § 1983 are different than those in a habeas case.  Forms are available on the Court's website. See http://www.njd.uscourts.gov/.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action without prejudice.[1]  Petitioner will be granted leave to apply to re-open

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc.

within 30 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

An appropriate Order will be entered.

                                    ___s/ Noel L. Hillman_____
                                    NOEL L. HILLMAN
                                    United States District Judge

Dated: June 8, 2015
At Camden, New Jersey

---

Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).